**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-1096

DAVID A. ROBERTS,

Plaintiff - Appellant,

versus

JOHN NICHOLAS, Commissioner, Maine Department
of Human Services, and individually; PETER
WALSH, Individually and in his official
capacity as Commissioner of Maine Department
of Human Services; KEVIN W. CONCANNON,
Individually and in his official capacity as
Commissioner (former) of Maine Department of
Human Services; MARK O. VAN VALKENBURGH,
Individually and in his official capacity as
Agent for the Maine Department of Human
Services; INGRID B. LAPOINTE, Individually and
in her official capacity as Agent for the
Maine Department of Human Services; ANNE-MARIE
JOHNSON, Individually and in her official
capacity as Agent for the Maine Department of
Human Services; LORETTA DUMOND, Individually
and in her official capacity as Agent for the
Maine Department of Human Services; MAINE
DEPARTMENT OF HUMAN SERVICES,

Defendants - Appellees.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  William D. Quarles, Jr., District Judge.
(CA-04-2039-WDQ)

Submitted:  March 13, 2006          Decided:  May 24, 2006

Before TRAXLER and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

David A. Roberts, Appellant Pro Se. Joseph B. Spillman, Assistant Attorney General, Baltimore, Maryland; Christopher Coles Taub, OFFICE OF THE ATTORNEY GENERAL, Augusta, Maine, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

David A. Roberts appeals the order of the district court dismissing his suit against the Maine Department of Human Services and several current and former state officials (collectively "MDHS") for lack of subject matter jurisdiction. This lawsuit arose out of attempts by MDHS to enforce a Maine state court child support order. Roberts sued under 42 U.S.C. § 1983 (2000), alleging that MDHS's enforcement efforts violated his constitutional rights. The district court held that the Rooker-Feldman doctrine barred Roberts's suit. See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

Subsequent to the district court's dismissal of Roberts's complaint, the Supreme Court clarified the scope of the Rooker-Feldman doctrine in Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 125 S. Ct. 1517 (2005):

> The Rooker-Feldman doctrine . . . is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.

Id. at 1521-22; see also Davani v. Va. Dep't of Transp., 434 F.3d 712, 713 (2006) ("Exxon requires us to examine whether the state-court loser who files suit in federal district court seeks redress for an injury caused by the state-court decision itself. If he is

- 3 -

not challenging the state-court decision, the <u>Rooker</u>-<u>Feldman</u> doctrine does not apply.")

Roberts's complaint alleges a constitutional injury arising not expressly from the state court judgment itself, but rather from MDHS's post-judgment collection efforts. The district court did not have the benefit of <u>Exxon</u> and <u>Davani</u> in its assessment of the applicability of the <u>Rooker-Feldman</u> doctrine. Moreover, assuming that the <u>Rooker-Feldman</u> doctrine no longer precludes Roberts's suit from going forward, the district court has not had an opportunity to address either the merits of Robert's complaint, or the other defenses raised by MDHS. Because the district court is in the best position to evaluate these matters in the first instance, we vacate the district court's order and remand the case for further consideration.[*]

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>

---

[*]Our disposition should not be read as indicating any view regarding the applicability of the <u>Rooker-Feldman</u> doctrine or the other defenses asserted by MDHS, on the merits. We leave these matters for plenary resolution by the district court, as that court deems appropriate.